**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3353
_____

UNITED STATES OF AMERICA

v.

SHAUN TEDROW,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-20-cr-00265-001)
District Judge: Honorable W. Scott Hardy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 12, 2023

Before: BIBAS, PORTER, and FREEMAN, *Circuit Judges*

(Opinion filed: March 21, 2024)

_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**FREEMAN**, *Circuit Judge*.

Shaun Tedrow challenges the ten-year sentence of imprisonment that was imposed upon him for possession of material depicting the sexual exploitation of a minor. He contends that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. For the reasons set forth below, we will affirm.

I

In 2009, Tedrow (who was then 27 years old) fondled the genitals of an 11-year-old boy. He was charged with indecent assault of a person under 13 years of age, in violation of 18 Pa. Cons. Stat. § 3126(a)(7),[1] and he entered a no-contest plea in 2011. *See Commonwealth v. Tedrow*, No. 569-WDA-2017, 2017 WL 6182157, at *1 (Pa. Super. Ct. Dec. 8, 2017). The state court sentenced him to a two-year term of probation, but after several violations the court revoked his probation and sentenced him to eight months to five years in prison. *Id.* at *1–2.

In early 2020, while he was on parole, Tedrow admitted to parole officers that he had sent sexually explicit images of himself to minors. A subsequent investigation revealed that Tedrow possessed more than 600 still and video images on his cellular phone depicting the sexual exploitation of minors. Most of the minors in the images were prepubescent and under 12 years of age. He was indicted by a federal grand jury for

---

[1] An individual is guilty of indecent assault under Pennsylvania law if he or she has "indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and: . . . the complainant is less than 13 years of age." 18 Pa. Cons. Stat. § 3126(a)(7).

possessing that material in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and he pleaded guilty to the offense in 2022.

Because some of the images Tedrow possessed depicted prepubescent minors or minors under 12 years of age, the offense carried a statutory maximum term of 20 years' imprisonment. 18 U.S.C. § 2252(b)(2). Tedrow also was subject to a ten-year mandatory minimum sentence of imprisonment because he had been previously convicted of sexual misconduct involving a minor. *Id.*[2] If not for the ten-year mandatory minimum sentence, Tedrow's advisory United States Sentencing Guidelines range would have been 63-78 months of imprisonment.

At his sentencing hearing, Tedrow argued that the mandatory minimum sentence amounted to cruel and unusual punishment in violation of the Eighth Amendment. The District Court rejected his argument and sentenced him to ten years of imprisonment to be followed by ten years of supervised release.

Tedrow timely appealed.

---

[2] Under 18 U.S.C. § 2252(b)(2), individuals convicted of violating subsection (a)(4) "shall be . . . imprisoned for not less than 10 years nor more than 20 years" if they "ha[ve] a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography[.]" Tedrow does not contest that his prior state conviction triggers the enhancement.

## II[3]

We exercise plenary review of a constitutional challenge to a mandatory minimum sentence. *See United States v. Walker*, 473 F.3d 71, 75 (3d Cir. 2007).

"[T]he Eighth Amendment prohibits [the] imposition of a sentence that is grossly disproportionate to the severity of the crime." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980); *Walker*, 473 F.3d at 80. When evaluating proportionality, courts must consider: (1) "the gravity of the offense and the harshness of the penalty," (2) "the sentences imposed on other [individuals] in the same jurisdiction," and (3) "the sentences imposed for [the] commission of the same crime in other jurisdictions." *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006) (quoting *Solem v. Helm*, 463 U.S. 277, 290–92 (1983)). The first factor "acts as a gateway or threshold," such that a defendant's "fail[ure] to show a gross imbalance between the crime and the sentence" ends the inquiry. *Id.* at 248.

Tedrow argues that a ten-year sentence is grossly disproportionate to his crime because the prior offense triggering the enhancement was a misdemeanor from twelve years earlier for which he initially received probation. But Tedrow makes no persuasive argument that a ten-year sentence is disproportionate to *his instant offense*: possessing more than 600 still and video images depicting the sexual exploitation of minors, most of whom were prepubescent and under 12 years of age. After all, his sentence is ten years

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

below the statutory maximum that Congress authorized for such an offense, even absent an enhancement for a prior conviction.  And, "[g]enerally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011).

In sum, Tedrow fails to demonstrate that this is the unique case where "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Ewing v. California*, 538 U.S. 11, 30 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring in part and concurring in the judgment)).

*     *     *

For the foregoing reasons, we will affirm the judgment of the District Court.

5